IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re: Raynelle King** | § | **CASE NO: 04-35670-H4-13** |
| | § | |
| **Debtor** | § | **CHAPTER 13** |

MEMORANDUM OPINION
ON
MOTION TO RECONSIDER DENIAL OF FEE APPLICATION

## I.  INTRODUCTION

This contested matter concerns Reese W. Baker's Motion to Reconsider Denial of Fee Application (Motion to Reconsider) [Docket No. 139] seeking reconsideration of this Court's Order Denying Chapter 13 Post-Confirmation Fee Application for Reese W. Baker [Docket No. 136] and an award of $3,891.50 in accordance with his Chapter 13 Fee Application Post-Confirmation (Fee Application). [Docket 121]. Raynelle King (the Debtor) contends that Baker should not receive any fees for post-confirmation work on her Chapter 13 bankruptcy. For the reasons set forth in this Memorandum Opinion, this Court finds that Baker's Motion to Reconsider should be granted.

The Court makes the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II. FINDINGS OF FACT

The facts, as stipulated to or admitted by counsel of record or the Debtor *pro se*, as contained in exhibits, or as adduced from the testimony of the witness, in chronological order, are as follows:

1.      On April 15, 2004, the Debtor filed a Chapter 13 voluntary petition.  [Docket No. 1.][1]

2.      On January 24, 2005, this Court entered an Agreed Order on Debtor's Objection to Proof of Claim of Pine Village North Association and Creditor's Objection to Confirmation (the Agreed Order), which required the Debtor to make direct payments to Pine Village North Association (Pine Village) for $13,609.14 in overdue homeowner association fees. [Docket No. 63.]  The Debtor specifically requested to make direct payments to Pine Village, and Baker's law firm expended significant time and effort negotiating with Pine Village to agree to accept direct payments rather than payments through the Debtor's Chapter 13 plan.  [Hearing, April 7, 2006.]

3.      On February 11, 2005, this Court confirmed the Debtor's third amended Chapter 13 plan. [Docket No. 71.]

4.      This Court ordered Baker's law firm to report whether the Debtor in fact remitted the payments to Pine Village.  [Hearing, April 7, 2006.]

5.      In early March of 2005, Baker's law firm had conversations with the Debtor regarding a notice of default relating to her lender, Homecomings Financial Network (Homecomings).  Homecomings alleged that even though the Debtor's plan had been confirmed, the Debtor was supposed to make direct payments to Homecomings. [Hearing, April 7, 2006.]

---

[1] Unless otherwise indicated, all Docket Numbers refer to the Docket Sheet in Case No. 03-47872, the instant case.

6.     The Debtor failed to make the first payment to Pine Village due in March of 2005, and Baker negotiated with Pine Village to extend the due date indicated in the Agreed Order. [Hearing, April 7, 2006.] On March 23, 2005, Baker electronically filed a Notice of Confirmation of Payment. [Docket No. 73.]

7.     The Debtor again failed to make a payment to Pine Village due in April of 2005, and as a result Pine Village sent a notice of default. [Hearing, April 7, 2006.] The Debtor also failed to make her mortgage payment and received a notice of default from Homecomings. [Hearing, April 7, 2006.]

8.     Throughout April of 2005, Baker consulted with the Debtor and contacted the parties to negotiate possible payoffs. [Hearing, April 7, 2006.] Baker's law firm had conversations with the Debtor regarding the possibility of refinancing her town home. [Hearing, April 7, 2006.] As a result of the Debtor's failure to make payments to her creditors there was continuing communication and correspondence among Baker's law firm, the Debtor, and Pine Village. [Hearing, April 7, 2006.]

9.     On June 20, 2005, this Court signed an Order for Compensation awarding Baker $7,130.00 for services rendered during the time period from April 8, 2004 to February 12, 2005. [Docket No. 89.]

10.     Also on June 20, 2005, the Trustee filed the Trustee's Motion to Dismiss the Debtor's Chapter 13 case because the Debtor had defaulted on her plan. [Docket No. 88.]

11.     In reaction to the Trustee's Motion to Dismiss, Baker communicated with the Debtor regarding the missed payments, modification of her Chapter 13 plan, and a motion to order to the Debtor's employer to pay the Trustee. [Hearing, April 7, 2006.] During

these discussions, the Debtor conveyed to Baker that she was adamant about keeping her home.  [Hearing, April 7, 2006.]

12.     On July 13, 2005, Baker electronically filed the Debtor's Response to Trustee's Motion to Dismiss.  [Docket No. 93.]

13.     On July 15, 2005, Baker electronically filed the Debtor's Motion to Modify Confirmed Plan Combined with Plan Modification and Notice of Hearing and Time to Object [Docket No. 94] and the Debtor's Motion to Order Employer to Pay the Trustee.  [Docket No. 95.]

14.     On July 21 and 26, 2005, Baker electronically filed two further amendments to the Debtor's Chapter 13 plan as a result of changes that the Debtor wanted to make and the manner in which the Debtor wanted to structure the plan.  [Docket Nos. 98, 101; Hearing, April 7, 2006.]

15.     In early August of 2005, Pine Village issued another notice of default for failure to make direct payments to Pine Village, and once more extensive negotiations between Baker's law firm and Pine Village ensued.  [Hearing, April 7, 2006.]

16.     Despite the confirmation of the Debtor's Chapter 13 plan in February of 2005, the Debtor did not make any payments to the Chapter 13 Trustee until August of 2005.  [Hearing, April 7, 2006.]

17.     The payments made to Pine Village under the wage order did not take effect until the end of August of 2005.  [Hearing, April 7, 2006.]  Pine Village was upset because it was still not receiving payments on time.  [Hearing, April 7, 2006.]  Baker's law firm engaged in extensive ongoing conversations with the Debtor and Pine Village in August and early September of 2005.  [Hearing, April 7, 2006.]

4

18. In early September of 2005, Baker's law firm and the Debtor began having disagreements concerning what actions could and should be taken in the Debtor's case. [Hearing, April 7, 2006.] Notwithstanding the fact that the Agreed Order providing for payment directly from the Debtor to Pine Village had been entered into at the Debtor's insistence, the Debtor wanted Baker's law firm to modify her Chapter 13 plan to include payments to Pine Village through the plan. [Hearing, April 7, 2006.]

19. On September 2, 2005, the Debtor filed her own Motion to Modify [Docket No. 110] seeking to pay Pine Village through the Trustee.

20. On September 2, 2005, the Debtor also filed her own Objection to Attorney Fees. [Docket No. 111.]

21. On September 16, 2005, as a result of nonpayment and after issuing several notices of default, Pine Village filed its Notice of Termination of Stay under Agreed Order. [Docket No. 113.]

22. Baker entered into yet another round of negotiations with Pine Village. [Hearing, April 7, 2006.] Because Pine Village had worked with the Debtor extensively but had not received a single payment, Pine Village was unwilling to enter into another agreement with the Debtor. [Hearing, April 7, 2006.]

23. The Debtor asked Baker if she could sell her town home, work out an agreement with Pine Village, and retain a portion of the proceeds from the sale. [Hearing, April 7, 2006.] Baker spoke with Pine Village and obtained an agreement from Pine Village to allow the Debtor to sell her town home to an unrelated third party and to accept a reduced amount in satisfaction of the Debtor's obligation. [Hearing, April 7, 2006.]

24.     The Debtor then changed her mind and refused to sell the town home to an unrelated third party. [Hearing, April 7, 2006.]  Pine Village insisted that to accept a reduced payment from the Debtor, the town home must be sold to an unrelated third party so that Pine Village would no longer have to deal with the Debtor.  [Hearing, April 7, 2006.] Still, the Debtor refused to sell the town home to a third party and resolved to keep her house. [Hearing, April 7, 2006.]

25.     By October of 2005, Baker's firm determined that it would be appropriate to withdraw from representation of the Debtor.  [Hearing, April 7, 2006.]  On October 25, 2005, Baker filed a Motion to Withdraw as Attorney for Debtors [Docket No. 118], and this Court granted Baker's Motion to Withdraw on November 7, 2005 [Docket No. 120].

26.     On November 18, 2005, Baker filed his Fee Application for fees and expenses of $3,891.50 for the time period from March 1, 2005 to November 16, 2005.  [Docket No. 121.]

27.     The Debtor opposed Baker's Fee Application, and this Court denied the Application on January 23, 2006.  [Docket No. 136.]

28.     On February 2, 2006, Baker filed his Motion to Reconsider.  [Docket No. 139.]

29.     This Court held a hearing on Baker's Motion to Reconsider on April 7, 2006.  [Docket No. 147; Hearing, April 7, 2006.]  The Debtor represented herself *pro se* at this hearing. [Hearing, April 7, 2006.]

## III. CONCLUSIONS OF LAW

**A.    Jurisdiction and Venue**

This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) and § 1334(a).

Baker's Motion to Reconsider is a contested matter pursuant to Bankruptcy Rule 9014.  Venue of

this Chapter 13 case in this District is proper pursuant to 28 U.S.C. § 1408(1).

**B.    Baker has satisfied the legal standard for awarding attorney's fees and should be compensated for the legal services he provided to the Debtor.**

This Court has broad discretion in determining the amount in awarding attorney's fees.

*See Cahill v. Walker & Patterson, P.C.* (*In re Cahill*), 428 F.3d 536, 539 (5th Cir. 2005).

11 U.S.C. § 329(b) requires attorney fees incurred in connection with a bankruptcy

proceeding to be reasonable:

> If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
>    (1)  the estate, if the property transferred—
>       (A)  would have been property of the estate; or
>       (B)  was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>    (2) the entity that made such payment.

11 U.S.C. § 329(b) (2005).

Reasonableness of fees is further controlled by Bankruptcy Rule 2017(a):

> **Payment or Transfer to Attorney Before Order for Relief.**  On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

FED. R. BANKR. P. 2017(a) (2005).

7

Furthermore, the Fifth Circuit uses the lodestar method, § 330 of the Bankruptcy Code, and the *Johnson* factors to determine reasonableness of attorney fees in a bankruptcy case. *In re Cahill*, 428 F.3d at 539-40; *See also In re Collida*, 270 B.R. 209, 212-13 (Bankr. S.D. Tex. 2001) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974) (codified by 11 U.S.C. § 330(a)(3) (2005))); *O'Connell v. Mann (In re Davila)*, 210 B.R. 727, 729 (Bankr. S.D. Tex. 1996). The *Johnson* factors are:  1) time and labor required, 2) novelty and difficulty of the legal questions, 3) the skill required to perform the legal service properly, 4) preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee for similar work in the community, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the clients or the circumstances, 8) the amount involved and results obtained, 9) the experience, reputation, and ability of attorneys, 10) the undesirability of case, 11) the nature and length of the professional relationship with the client, 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19; *Am. Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1301 (5th Cir. 1977).

The *Johnson* factors have been codified in 11 U.S.C. § 330.  Section 330(a)(4)(B) provides that:

> in a . . . chapter 13 case . . . .the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B) (2005).  The "other factors" mentioned above refer to § 330(a)(3) of the Bankruptcy Code, which provides:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
> (A) the time spent on such services;
> (B) the rates charged for such services;

8

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3) (2005).

The "lodestar" method of calculating fees builds on the *Johnson* factors and is traditionally used by the Fifth Circuit. *Cahill*, 428 F.3d at 539-40 (citing *Transamerican Natural Gas Co. v. Zapata P'ship (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994)). In the Fifth Circuit, "a court computes the lodestar by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community." *Cahill*, 428 F.3d at 540 (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993)). "A court then may adjust the lodestar up or down based on the factors contained in § 330 and its consideration of [the *Johnson*] factors." *Id.* (citing *In re Fender*, 12 F.3d at 487). Furthermore, "the bankruptcy court has considerable discretion in applying these factors, [but] it must explain the weight given to each factor that it considers and how each factor affects its award." *Id.* (citing *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298 (5th Cir. 1977); *In re Fender*, 12 F.3d at 487; *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1327-28 (5th Cir. 1989)).

In addition, *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005), addresses the policy behind the requirement that attorney fees be reasonable: "legal fees that are excessive or are alleged to have been improperly paid post-petition from the bankruptcy estate create an appearance of professional abuse and potentially deprive creditors of funds." "The trustee may take action to challenge the propriety of such fees." *Id.* The court summarized that "[w]ithout

9

doubt, the Bankruptcy Code seeks to protect both debtors and their estates from excessive or unnecessary legal fees. The Code requires court approval of all attorneys fees sought to be paid from the estate of the debtor." *Id.* at 595 (citations omitted). Finally, 11 U.S.C. § 330(a)(4)(A) states: "the court shall not allow compensation for—(i) unnecessary duplication of services; or (ii) services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A).

In the case at hand, Baker argues that at the Debtor's request his firm performed significant legal services that provided benefits to the Debtor. [Docket Nos. 126, 139; Hearing, April 7, 2006.] Baker further contends that the fees and expenses he requested in his Fee Application are reasonable and that his firm should be compensated for the services that it rendered to the Debtor. [Docket Nos. 126, 139; Hearing, April 7, 2006.] Baker asserts that the Debtor was a demanding client who was very adamant about wanting to retain her town home, changed her position on key issues a number of times, engaged in a large number of conversations with Baker's firm, and failed to make payments to her creditors and the Chapter 13 Trustee. [Docket Nos. 126; Hearing, April 7, 2006.] The Debtor objects to an award of attorney's fees and expenses to Baker's law firm and argues that Baker failed to communicate with her adequately. [Docket No. 111; Hearing, April 7, 2006.]

Reviewed under 11 U.S.C. § 330, the *Johnson* factors, and the lodestar standard Baker's requested attorney's fees and expenses are reasonable. This Court considers 11 U.S.C. § 330, the *Johnson* factors, and the lodestar standard as follows.

This Court examines whether the compensation requested by Baker is reasonable for the actual services provided. *See In re Cahill*, 428 F.3d at 539. In *In re Cahill*, attorneys spent 13.20 hours on a Chapter 13 case that involved less activity than most consumer bankruptcies.

*Id.* at 538.  Paralegals were delegated only 2.05 hours of work.  *Id.*  The attorneys duplicated work and billed hours for bringing each other up to speed on work begun by the other.  *Id.* at 542.  The attorneys performed unnecessary work pertaining to the payment of a secured claim on a purely recreational boat.  *Id.* at 538.  Despite spending more hours than necessary on the case, the attorneys were not adequately prepared for the first confirmation hearing.  *Id.* at 542.  The attorneys requested $3,758.08 in a fee application, but the Fifth Circuit affirmed the bankruptcy court's assessment of the value of those services as far less: $1,737.00.  *Id.* at 538.

Baker is unlike the attorneys in *In re Cahill*, who duplicated work when providing services to the debtor, were not adequately prepared for the confirmation hearing, and spent more time than necessary on the case.  Baker worked efficiently by having only one attorney perform each legal task for the Debtor.  Considering the difficulties of this case—namely, that the Debtor was very adamant about wanting to retain her town home, she changed her position on key issues a number of times, she engaged in a large number of conversations with Baker's firm, and she failed to make payments to her creditors and the Chapter 13 Trustee—Baker spent a reasonable amount of time on the services performed for the Debtor.  Further efficiencies were achieved through the use of legal assistants.  Whenever possible, Baker delegated work not requiring an attorney to a legal assistant, who charged a lower hourly rate.  More than two-thirds of the time for which Baker seeks compensation was billed by legal assistants.  [Docket No. 121; Ex. A.][2] Legal assistants performed services such as conferring with the Debtor, key creditors, and this Court.  [Docket No. 121, Attach. 3; Ex. B.]  Legal assistants also spent a significant amount of time assisting Baker in preparing and filing motions to modify the Debtor's Chapter 13 plan to accommodate the Debtor's noncompliance with its terms.  [Docket No. 121, Attach. 3; Ex. B.]

---

[2] Baker's Fee Application and time records are attached to this Memorandum Opinion as Exhibits A and B, respectively.

It is clear Baker provided valuable services that benefited the Debtor. When Baker began post-confirmation work, the Debtor was in default with two key creditors: Pine Village and Homecomings. Prior to actions taken by Baker, both of these parties pursued the Debtor with the possibility of foreclosing on the property. Baker negotiated agreements beneficial to the Debtor with both of these creditors. Baker opposed the Trustee's Motion to Dismiss when the Debtor did not make payments to the Trustee. [Docket Nos. 93, 94, 95.] Baker achieved modifications to the Debtor's Chapter 13 plan and obtained a wage order. [Docket Nos. 94, 95.]

### 1.    Time and Labor Required

Baker and his firm spent 27.6 hours providing post-confirmation legal services to the Debtor. [Docket No. 121; Ex. A.] Baker's Fee Application is sufficiently detailed to allow this Court to evaluate whether the time and labor spent in this case are justified. [Docket No. 121; Ex. A; Docket No. 121, Attach. 3; Ex. B.] A significant amount time was spent communicating with the Debtor and negotiating agreements with two key creditors to prevent the Debtor from losing her home. [Docket No. 121, Attach. 3; Ex. B.] In her Objection to Attorney Fees, the Debtor contends Baker should not be compensated because "[she] can never talk to [her] attorney." [Docket No. 111.] However, Baker's Fee Application indicates that Baker spent several hours in communications that the Debtor initiated. [Docket No. 121, Attach. 3; Ex. B.] The week before the Debtor filed the Objection, she spoke with Baker for a total of 54 minutes and with Baker's legal assistants for 144 minutes. [Docket No. 121, Attach. 3; Ex. B.] The record shows Baker's work conferred value to the Debtor and was performed efficiently.

### 2.    Novelty and Difficulty of the Questions

Baker's testimony at the hearing revealed that some of the issues involved in the Debtor's case were difficult. [Hearing, April 7, 2006.] The Debtor initially requested that she pay Pine

Village directly; however, after defaulting on payments, the Debtor changed her mind and wanted to pay Pine Village through the Trustee. [Hearing, April 7, 2006.]  Baker faced the difficulty of persuading Pine Village not to foreclose on the Debtor's home. [Hearing, April 7, 2006.]  Baker also took steps to modify the Debtor's Chapter 13 plan, to obtain a wage order, and to respond to the Trustee's Motion to Dismiss. [Docket Nos. 93, 94, 95.]

### 3. Skill Required to Perform the Legal Services Properly

The legal services provided require an attorney skilled in bankruptcy.  The Court considers that Baker displayed such skills in handling these matters.

### 4. Preclusion of Other Employment Due to Acceptance of the Case

Baker spent a significant amount of time meeting demands made by the Debtor.  The Debtor's persistent calls to Baker's office to discuss her case and her inability to make payments to creditors and the Trustee prevented Baker from devoting this time to representing clients in other cases.

### 5. Customary Fee

The Debtor's demands, changing positions on key issues, and problems making payments distinguish this case from typical Chapter 13 bankruptcies.  This Court finds that Baker's requested attorney's fees and expenses are justified by the difficulties presented by this case.

### 6. Whether the Fee is Fixed or Contingent

The fee in this case is fixed on a per hour basis so a consideration of risk assumed by Baker is not necessary.

### 7. Time Limitations Imposed by the Client or Other Circumstances

The Debtor imposed time constraints on Baker when she did not make payments to Pine Village, Homecomings, and the Trustee and created other circumstances that made the legal

work in this case more difficult than typical Chapter 13 matters. The Debtor initially requested that Pine Village not be paid through the Trustee but later changed her mind. [Hearing, April 7, 2006.] The Debtor contacted Baker on multiple occasions and filed an objection and motion without advising Baker. [Docket Nos. 110, 111.]

**8.    Amount Involved and the Results Obtained**

The major asset involved is the Debtor's town home. Both Pine Village and Homecomings threatened to foreclose on the town home to satisfy debts. Baker's work resulted in the Debtor's case not being dismissed on Trustee's motion and Pine Village and Homecomings backing off on foreclosing their respective liens on the home. Additionally, efforts by Baker led to Pine Village ultimately being paid through the plan.

**9.    Experience, Reputation, and Ability of the Attorney**

Baker has over twenty-five years of experience as an attorney and is board certified by the Texas Board of Legal Specialization in Business Bankruptcy Law and Consumer Bankruptcy Law. [http://www.texasbar.com (use "Find A Lawyer" to search for Reese Baker).] Baker is a seasoned and capable bankruptcy attorney.

**10.   "Undesirability" of the Case**

After confirmation of her Chapter 13 plan, the Debtor did not make payments to the Trustee and other creditors, including Pine Village and Homecomings. [Hearing, April 7, 2006.] The Debtor changed her position regarding whether to pay Pine Village directly and whether to sell her town home a number of times. [Hearing, April 7, 2006.] Moreover, the Debtor persistently contacted Baker's office to discuss her Chapter 13 plan and the problems associated with it. [Docket No. 121, Attach. 3; Ex. B; Hearing, April 7, 2006.] The challenges imposed by these circumstances make this case undesirable.

14

11.    **Nature and Length of the Professional Relationship with the Client**

Baker represented the Debtor in this case beginning in approximately April of 2004. [See Docket No. 1.]  Baker worked extensively with the Debtor while representing her in this case until this Court granted his Motion to Withdraw on November 7, 2005. [Docket No. 120.]

12.    **Awards in Similar Cases**

This case is distinguishable in many ways from the typical Chapter 13 case.  After confirmation, the Debtor defaulted on payments to creditors and the Trustee. [Hearing, April 7, 2006.]  The Debtor made requests and then later changed her mind.  [Hearing, April 7, 2006.] Baker spent more time communicating with the client than he would in a typical Chapter 13. [Docket No. 121, Attach. 3; Ex. B; Hearing, April 7, 2006.]   These factors make this case unique.

Having considered all of these factors, this Court determines that that Baker's firm rendered legal services that provided benefits to the Debtor and that Baker's attorney's fees and expenses of $3,891.50 for the time period from March 1, 2005 to November 16, 2005 are reasonable.

## IV. CONCLUSION

Based on the foregoing reasons, this Court grants Baker's Motion to Reconsider Denial of Fee Application and awards Baker $3,891.50 in attorney's fees and expenses for the time period from March 1, 2005 to November 16, 2005.  An Order Baker's Motion to Reconsider Denial of Fee Application and awarding Baker $3,891.50 in attorney's fees and expenses will be entered on the docket simultaneously with this Memorandum Opinion.

Signed this 25th day of August, 2006.

Jeff Bohm
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: King, Raynelle                                    §
                                                         §         CASE NO.    04-35670-H4-13
                                                         §
DEBTOR(S)                                                §

CHAPTER 13 FEE APPLICATION
POST CONFIRMATION

Counsel for Debtor in this case requests allowance of compensation and reimbursement of expenses for the time expended, hourly rates, and expenses incurred shown below for time period of  3/1/05 to 11/16/05.  Counsel received no property from the debtor or in connection with the case except $200.00 for post confirmation  for the time period 3/1/05 to 11/6/05.  Counsel seeks payment under the plan of **$3,891.50.**

Type of Case:  Business Case_____ or Consumer Case ___X_____ (check one)

| Activity | Attorney Time | Paralegal Time |
|---|---|---|
| Prepetition Client Consultations | | |
| Postpetition Client Consultations | 1.90 | 7.10 |
| Schedules, Plan | | 4.40 |
| Amendments | 0.70 | 0.80 |
| 341 (Preparation and attendance) | | |
| Creditor Contact | 0.50 | 0.60 |
| Chapter 13 Trustee Contact | | 0.40 |
| Proof of Claim Review | | |
| Motions to Dismiss:<br># Motions to Dismiss:2 | 0.50 | 2.10 |
| Contested Motions:<br># of Contested Motions: 1<br>Specify Type: Withdraw as Attorney | 1.80 | |
| Objections to Confirmation:<br># of Objections to Confirmation: | | |
| Adversary Proceeding(s):<br># of Adversary Proceedings:<br>Specify Type: | | |
| Claim Objections/Valuations:<br># of Claim Objections/Valuations:<br>Specify Type: | | |
| Confirmation Hearings:<br># of Confirmation Hearings: | | |
| Operating Reports: | | |
| Stay Violations: | | |
| Plan Modification after Confirmation: | 2.10 | 1.60 |
| Sale/ Disposition of Assets: | | 0.40 |
| Fee Application Preparation | 0.80 | 1.90 |
| | 8.3 | 19.3 |

Exhibit A
Docket No. 121

| | Name of Attorney/Paralegal | Hourly Rate | Est. Hours | Rate x Hours |
|---|---|---|---|---|
| 1 | Reese Baker | $290.00 | 5.8 | $1,682.00 |
| 2 | Richard Aurich | $275.00 | 1.8 | $495.00 |
| 3 | James Ferguson | $225.00 | 0.7 | $157.50 |
| 4 | James Pope | $125.00 | | $0.00 |
| 5 | Donna Weatherly | $85.00 | 1.4 | $119.00 |
| 6 | Susanne Taylor | $85.00 | | $0.00 |
| 7 | Torri Phillips | $85.00 | 15.8 | $1,343.00 |
| 8 | Abel Sanchez | $85.00 | | $0.00 |
| 9 | Jennifer Hunt | $85.00 | 1.2 | $102.00 |
| 10 | Lisa Lopez | $85.00 | 0.2 | $17.00 |
| 11 | VJ Dispenza | $125.00 | 0.4 | $50.00 |
| 12 | Nicole Callow | $55.00 | 0.3 | $16.50 |
| | | | **Total** | **$3,982.00** |

**Expenses**

| | |
|---|---|
| Pacer | $40.50 |
| Parking | $18.00 |
| Copies | $36.00 |
| Faxes | $5.00 |
| Postage | $10.00 |
| **Total Expenses** | **$109.50** |
| **Total Amount Due** | **$4,091.50** |

**Amounts Previously Paid**

| | |
|---|---|
| **Debtor:** | **-$200.00** |
| **Chapter 13 Trustee:** | **$0.00** |
| **Amount Requested** | **$3,891.50** |

Date: November 16, 2005

/s/ Reese W. Baker
Reese W. Baker./Tx Bar NO. 01587700
5151 Katy Freeway, Suite # 200
Houston, Texas 77007
(713) 869-9200
(713)869-9100 FAX

# Baker & Associates, L.L.P.

Baker & Associates, L.L.P.
5151 Katy Freeway
Suite 200
Houston, TX  77007

(713) 869-9200
reese.baker@bakerassociates.net

## Invoice

| DATE | INVOICE # |
|------|-----------|
| 10/29/2005 | 3383 |

| DUE DATE |
|----------|
| 11/28/2005 |

| BILL TO |
|---------|
| King, Raynelle
Case # 04-35670-H4-13 |

| AMOUNT DUE | ENCLOSED |
|------------|----------|
| $3,982.00 | |

Please detach top portion and return with your payment.

| Date | Activity | Amount |
|------|----------|--------|
| 03/01/2005 | **03/01/2005**<br>Post Petition Client Consultations (Post Confirmation) - Phone conference with client regarding delinquent payments for January and February;correspondence with client regarding notice of default from Homecomings Financial post petition payments. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 03/02/2005 | **03/02/2005**<br>Schedules, Plan (Post Confirmation) - Correspondence with client regarding confirmed plan. - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |
| 03/14/2005 | **03/14/2005**<br>Post Petition Client Consultations (Post Confirmation) - Extensive phone conference with client regarding Judge's orders to pay Pine Village by March 5, 2005, counsel to file confirmation of payment by March 15, 2005. Requesting Pine Village to push back due date on Agreed Order and payment to Homecomings Financial. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 03/18/2005 | **03/18/2005**<br>Chapter 13 Trustee Contact (Post Confirmation)- Phone call to Judge Bohm's chambers re: notice of confirmation of payment to Pine Village. - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |
| 03/21/2005 | **03/21/2005**<br>Post Petition Client Consultations (Post Confirmation) - Multiple phone conferences with client regarding $750 payment to Pine Village by March 8, filing confirmation of payment by March 15 and debtor intentions on paying Pine Village assessment fees. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 03/23/2005 | **03/23/2005**<br>Post Petition Client Consultations (Post Confirmation) - Phone conference with client re: receipt of payment to Pine Village Association. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |

Continue to the next page..

Exhibit B
Docket No. 121, Attach. 3

| Date | Activity | Amount |
|------|----------|--------|
| 03/23/2005 | Contested Matters (Post Confirmation)-prepare notice of payment of homeowners amounts for filing with the court - Reese Baker, 18 mins @ $290.00/hr | 87.00 |
| 03/23/2005 | Schedules, Plan (Post Confirmation) -e-filed Notice of Confirmation of Payment pursuant to Judge Bohm. - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |
| | **03/29/2005** | |
| 03/29/2005 | Schedules, Plan (Post Confirmation) - Correspondence with debtor re: NOD Pine Village North Association. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 03/29/2005 | Fee Application Preparation (Post Confirmation) - Prepared fee application notes. - Torri Phillips, 42 mins @ $85.00/hr | 59.50 |
| | **04/04/2005** | |
| 04/04/2005 | Post Petition Client Consultations (Post Confirmation) - Multiple phone conferences with client re: amending Agreed Order for Pine Village change due date for fees and stipulated payment to quarterly payments. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 04/04/2005 | Post Petition Client Consultations (Post Confirmation) -conf with client on status of payments to homeowners association; planning on case and other alternatives - Reese Baker, 24 mins @ $290.00/hr | 116.00 |
| 04/04/2005 | Creditor Contact (Post Confirmation) - Correspondence with counsel re: payoff of Pine Village HOA. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **04/05/2005** | |
| 04/05/2005 | Creditor Contact (Post Confirmation) - Correspondence with Homecoming's re: payoff of loan. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **04/06/2005** | |
| 04/06/2005 | Post Petition Client Consultations (Post Confirmation) - Phone conference with client re: status of payoff from Homecomings Financial. - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |
| | **04/07/2005** | |
| 04/07/2005 | Sale / Refinancing / Disposition of Assets (Post Confirmation) -extended phone conf with debtor seeking assistance on possible refinance of townhome (homestead); reviewed POCs of mortgage lender and HOA; discussed with debtor market value, outstandings, request for loan payoffs and possible negotiation; discussed prospective lenders experience and likely requirements;prepared calculations on possible mortgage refinancing  and provided estimates to debtor; discussed debtor decision not to purse refinancing at this time - VJ Dispenza, 24 mins @ $125.00/hr | 50.00 |
| | **04/15/2005** | |
| 04/15/2005 | Schedules, Plan (Post Confirmation) -filed Amended Statement of Financial Affairs and Attorney Disclosure Statement - Nicole Callow, 18 mins @ $55.00/hr | 16.50 |
| | **04/19/2005** | |
| 04/19/2005 | Schedules, Plan (Post Confirmation) - Correspondence with client re: post petition payment change from Homecoming's Financial. ($377.15) - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **04/22/2005** | |
| 04/22/2005 | Post Petition Client Consultations (Post Confirmation) - Phone call to client re: issues with case. - Torri Phillips, 6 mins @ $85.00/hr | 8.50 |
| | **04/26/2005** | |

Continue to the next page..

| Date | Activity | Amount |
|------|----------|--------|
| 04/26/2005 | Post Petition Client Consultations (Post Confirmation) -Phone conference with client regarding refinancing her home - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |
| | **06/17/2005** | |
| 06/17/2005 | Schedules, Plan (Post Confirmation) - Prepared case and file for fee application hearing. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **06/20/2005** | |
| 06/20/2005 | Fee Application Preparation (Post Confirmation) -prepare and attend fee application hearing, objector did not appear; court conducted hearing with David Peake and granted fee application - Reese Baker, 48 mins @ $290.00/hr | 232.00 |
| | **06/23/2005** | |
| 06/23/2005 | Post Petition Client Consultations (Post Confirmation) -discussed trustee arreages with client - Donna Weatherly, 24 mins @ $85.00/hr | 34.00 |
| | **06/24/2005** | |
| 06/24/2005 | Post Petition Client Consultations (Post Confirmation) - phone conference with client about payments to trustee. - Donna Weatherly, 42 mins @ $85.00/hr | 59.50 |
| | **06/27/2005** | |
| 06/27/2005 | Post Petition Client Consultations (Post Confirmation) - Phone call to client re: submitting wage order and trustee payment. (Debtor behind on trustee payments) - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 06/27/2005 | Plan Modification after Confirmation (Post Confirmation) -request by client for modification, review of case and steps for modification; planning - Reese Baker, 18 mins @ $290.00/hr | 87.00 |
| | **06/28/2005** | |
| 06/28/2005 | Motion to Dismiss (Post Confirmation) - Correspondence with client re: wage order request form. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **07/01/2005** | |
| 07/01/2005 | Motion to Dismiss (Post Confirmation) - Phone conference with the trustee's office to confirm amount of delinquency. Discussed payment history and submitting wage order with debtor. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| | **07/12/2005** | |
| 07/12/2005 | Motion to Dismiss (Post Confirmation) - Prepared and e-filed response to Motion to Dismiss. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 07/12/2005 | Motion to Dismiss (Post Confirmation) - E-filed response to Motion to Dismiss. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 07/12/2005 | Motion to Dismiss (Post Confirmation) -reviewed and edited response to trustee's motion to dismiss - James Ferguson, 6 mins @ $225.00/hr | 22.50 |
| | **07/14/2005** | |
| 07/14/2005 | Plan Modification after Confirmation (Post Confirmation) - Prepared modification. Amended debtor's plan. Amended budget/income. - Torri Phillips, 1 hr 36 mins @ $85.00/hr | 136.00 |
| | **07/15/2005** | |
| 07/15/2005 | Schedules, Plan (Post Confirmation) - Prepared and e-filed wage order. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |

Continue to the next page..

| Date | Activity | Amount |
|---|---|---|
| 07/15/2005 | Motion to Dismiss (Post Confirmation) -Prepared case and file for dismissal hearing scheduled for 7/18/05. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 07/15/2005 | Plan Modification after Confirmation (Post Confirmation) -Reviewed and edited Debtor's motion and proposed order to modify plan and wage order - James Ferguson, 24 mins @ $225.00/hr | 90.00 |
| | **07/18/2005** | |
| 07/18/2005 | Motion to Dismiss (Post Confirmation) - Preparation for, travel to and attend hearing on trustee's motion to dismiss;continued. - Richard W. Aurich, Jr., 24 mins @ $275.00/hr | 110.00 |
| | **07/21/2005** | |
| 07/21/2005 | Amendments (Post Confirmation) -Filed amended plan - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **07/26/2005** | |
| 07/26/2005 | Amendments (Post Confirmation) -Prepared and filed additional amended plan - Torri Phillips, 30 mins @ $85.00/hr | 42.50 |
| 07/26/2005 | Amendments (Post Confirmation) -Reviewed amended plan - James Ferguson, 12 mins @ $225.00/hr | 45.00 |
| | **08/05/2005** | |
| 08/05/2005 | Schedules, Plan (Post Confirmation) - Correspondence with client re: Second Notice of Default from Pine Village HOA. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 08/05/2005 | Schedules, Plan (Post Confirmation) - Prepared case and file for modification hearing scheduled for 8/8/05. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| | **08/08/2005** | |
| 08/08/2005 | Plan Modification after Confirmation (Post Confirmation) - Preparation for, travel to and attend mod hearing;mod approved. - Richard W. Aurich, Jr., 12 mins @ $275.00/hr | 55.00 |
| | **08/10/2005** | |
| 08/10/2005 | Schedules, Plan (Post Confirmation) - Prepared proof of claim of Rent A Center. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **08/24/2005** | |
| 08/24/2005 | Post Petition Client Consultations (Post Confirmation) - Extensive phone conference with client re: payment to homeowner's association, possibly refiling case and contacting HOA attorney to reduce payment. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 08/24/2005 | Post Petition Client Consultations (Post Confirmation) -issues in case due to non payment of association and alternatives - Reese Baker, 18 mins @ $290.00/hr | 87.00 |
| | **08/25/2005** | |
| 08/25/2005 | Post Petition Client Consultations (Post Confirmation) -calls from client on HOA issues; conf with client; planning - Reese Baker, 24 mins @ $290.00/hr | 116.00 |
| 08/25/2005 | Post Petition Client Consultations (Post Confirmation) - Multiple extensive phone conferences with client re: payments to chapter 13 trustee and Pine Village HOA. - Torri Phillips, 30 mins @ $85.00/hr | 42.50 |
| | **08/26/2005** | |
| 08/26/2005 | Post Petition Client Consultations (Post Confirmation) - Multiple phone conferences with client re: meeting with the association, payment submitted to the trustee, high maintenance fees to the association, current employment situation. - Torri Phillips, 36 mins @ $85.00/hr | 51.00 |
| 08/26/2005 | Chapter 13 Trustee Contact (Post Confirmation)- Correspondence with trustee's office re: proof of trustee payment. - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |

Continue to the next page..

| Date | Activity | Amount |
|---|---|---|
| | **08/29/2005** | |
| 08/29/2005 | Post Petition Client Consultations (Post Confirmation) - Phone conference with client re: adding Pine Village to her plan. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **09/01/2005** | |
| 09/01/2005 | Post Petition Client Consultations (Post Confirmation) -telephone conference with client regarding her bankruptcy case. - Lisa Lopez, 12 mins @ $85.00/hr | 17.00 |
| 09/01/2005 | Post Petition Client Consultations (Post Confirmation) -issues on homeowners association and planning - Reese Baker, 12 mins @ $290.00/hr | 58.00 |
| | **09/02/2005** | |
| 09/02/2005 | Post Petition Client Consultations (Post Confirmation) - Multiple phone conferences with client re: Pine Village Association dues. (client wants to include in plan) - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| | **09/06/2005** | |
| 09/06/2005 | Contested Matters (Post Confirmation)- calls to client; conf with client; need for paystubs and verification of employment and funds paid before action taken; client stated she filed her own motion to modify; conf with client on status of case - Reese Baker, 24 mins @ $290.00/hr | 116.00 |
| 09/06/2005 | Post Petition Client Consultations (Post Confirmation) - Phone conference with client re: debtor filing her own modification to include Pine Village in her plan;phone conference with Leticia at trustees office. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| | **09/09/2005** | |
| 09/09/2005 | Amendments (Post Confirmation) -continuing conf with client on HOA issues; possible sale of home; amounts owed and action plan; eviction letter - Reese Baker, 30 mins @ $290.00/hr | 145.00 |
| | **09/12/2005** | |
| 09/12/2005 | Post Petition Client Consultations (Post Confirmation) -conf with client on issues regarding sale of house and offers to HOA and lender - Reese Baker, 18 mins @ $290.00/hr | 87.00 |
| | **09/16/2005** | |
| 09/16/2005 | Contested Matters (Post Confirmation)-King-conf with Mitchell (attorney for HOA) regarding possible settlement; further conf with attorney and planning; agreement on sale of property and terms of agreement; proposal to client - Reese Baker, 42 mins @ $290.00/hr | 203.00 |
| 09/16/2005 | Post Petition Client Consultations (Post Confirmation) -Conference to client regarding settlement offer from HOA. - Donna Weatherly, 18 mins @ $85.00/hr | 25.50 |
| | **09/26/2005** | |
| 09/26/2005 | Creditor Contact (Post Confirmation) -documents to HOA attorney for settlement purposes - Reese Baker, 12 mins @ $290.00/hr | 58.00 |
| | **09/27/2005** | |
| 09/27/2005 | Creditor Contact (Post Confirmation) -letter from Pine Village HOA and proposed settlement of issues - Reese Baker, 18 mins @ $290.00/hr | 87.00 |
| | **09/28/2005** | |
| 09/28/2005 | Schedules, Plan (Post Confirmation) - Correspondence with client re: Pine Village vs. Newton King. (civil court) - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |

Continue to the next page..

| Date | Activity | Amount |
|------|----------|--------|
| 09/30/2005 | **09/30/2005**<br>Schedules, Plan (Post Confirmation) - Correspondence with client re: Notice of Default issued by Homecomings Financial. ($834.83) - Torri Phillips, 12 mins @ $85.00/hr | 17.00 |
| 10/03/2005 | **10/03/2005**<br>Post Petition Client Consultations (Post Confirmation) - Phone call to client re: Pine Village HOA. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 10/14/2005 | **10/14/2005**<br>Schedules, Plan (Post Confirmation) - Prepared case for modification hearing scheduled for 10/17/05. - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 10/16/2005 | **10/16/2005**<br>Motion to Dismiss (Post Confirmation) - Phone conference with client re: payment history and delinquent trustee payment. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 10/17/2005 | **10/17/2005**<br>Plan Modification after Confirmation (Post Confirmation) - Preparation for, travel to and attend mod hearing. - Richard W. Aurich, Jr., 12 mins @ $275.00/hr | 55.00 |
| 10/19/2005 | **10/19/2005**<br>Post Petition Client Consultations (Post Confirmation) - issues of client with case and homeowners, agreement with homeowners attorney and client issues. - Reese Baker, 18 mins @ $290.00/hr | 87.00 |
| 10/24/2005 | **10/24/2005**<br>Schedules, Plan (Post Confirmation) - Prepared motion to withdraw as attorney. - Torri Phillips, 24 mins @ $85.00/hr | 34.00 |
| 10/25/2005 | **10/25/2005**<br>Contested Matters (Post Confirmation)-drafting motion to withdraw, further client communications on new attorney, fees and other matters - Reese Baker, 24 mins @ $290.00/hr | 116.00 |
| 11/04/2005 | **11/04/2005**<br>Schedules, Plan (Post Confirmation) -Prepared case and file for confirmation/dismissal hearing scheduled for 11/7/05. (Counsel withdrew at attorney) - Torri Phillips, 18 mins @ $85.00/hr | 25.50 |
| 11/07/2005 | **11/07/2005**<br>Plan Modification after Confirmation (Post Confirmation) - Preparation for, travel to and attend mod hearing and hearing on motin to withdraw. Post hearing conference with Reese regarding evidentiary hearing on December 5, 2005 at 8:00 a.m. - Richard W. Aurich, Jr., 1 hr @ $275.00/hr | 275.00 |
| 11/16/2005 | **11/16/2005**<br>Fee Application Preparation (Post Confirmation) -Prepared and filed fee application and summary form - Jennifer Hunt, 1 hr 12 mins @ $85.00/hr | 102.00 |
| | **TOTAL** | **$3,982.00** |